UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


EUGENE & CONNIE DUDENHEFER                    CIVIL ACTION


VERSUS                                        NO. 06-4380


STATE FARM FIRE AND CASUALTY                  SECTION: "R"(5)
COMPANY


## ORDER AND REASONS

Before the Court is defendant State Farm Fire and Casualty
Company's appeal of the magistrate judge's order on plaintiffs'
discovery requests.  For the following reasons, the Court AFFIRMS
the rulings of the magistrate judge.


**I.   BACKGROUND**

Plaintiffs Eugene and Connie Dudenhefer owned property in
St. Bernard Parish at the time Hurricane Katrina struck
southeastern Louisiana.  The storm rendered plaintiffs' residence
and other structures, which were insured under a State Farm
homeowner's policy, a total loss.  Plaintiffs contend that wind,
a covered peril under their homeowner's policy, was the efficient

and/or proximate cause of their damage.  Their policy provided
coverage limits of $93,000 for dwelling, $65,100 for personal
property, $9,300 for dwelling extension, and actual loss of use.
(R. Doc. 1-2, Ex. A).  State Farm, which asserts that flooding
was the primary cause of loss to plaintiffs' property, tendered
plaintiffs $23,089.71, mostly for additional living expenses, on
July 4, 2006.  (*Id.* at Ex. C).  Plaintiffs submitted a sworn
proof of loss to State Farm on July 13, 2006, in which they aver
that they are entitled to $386,400 for the replacement cost of
their dwelling and $140,532.99 for their contents.  (*Id.* at Ex.
B).  Plaintiffs then filed this action on August 17, 2006 in
federal court, asserting breach of contract as well as claims
under La. Rev. Stat. §§ 22:658, 22:695, and 22:1220.

State Farm now appeals the magistrate judge's March 14, 2007
order requiring it to produce certain documents requested by
plaintiffs.  (R. Doc. 22).  State Farm also objects to the
magistrate judge ordering it to produce a corporate
representative for a deposition in accordance with Rule 30(b)(6)
of the Federal Rules of Civil Procedure.  (*Id.*).


**II.   DISCUSSION**

A magistrate judge may hear and determine any pretrial
matter pending before a district court.  28 U.S.C. §

636(b)(1)(A).  Federal law affords a magistrate judge broad
discretion in the resolution of non-dispositive pretrial matters.
*See* Fed. R. Civ. P. 72(a).  In a non-dispositive matter, a
district court will reverse a magistrate judge's ruling only if
the party challenging the decision can demonstrate that the
determination was clearly erroneous or contrary to law.  *Id.; see
also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995).  A
magistrate judge's decision is clearly erroneous when, based on
the entire evidence, the reviewing court is left "with the
definite and firm conviction that a mistake has been committed."
*United States v. United States Gypsum Co.*, 333 U.S. 364, 395
(1948).

State Farm appeals five discovery orders issued by the
magistrate judge on March 14, 2007: (1) requiring State Farm to
produce policies, rules and procedures used in the evaluating,
adjusting and denial of plaintiffs' claim; (2) requiring State
Farm to identify all homeowner's lawsuits and claims brought by
St. Bernard Parish residents in which it was alleged that
defendant was in bad faith; (3) requiring State Farm to produce a
list of all Katrina-related bad faith judgments against defendant
in Orleans, St. Bernard and St. Tammany Parishes; (4) requiring
State Farm to produce a list of all Katrina-related claims of
false reports issued by defendant's engineers or other experts

hired by defendant in Orleans, St. Bernard and St. Tammany
Parishes; and (5) ordering State Farm to produce a corporate
representative to be deposed in accordance with Rule 30(b)(6).
(*See* R. Doc. 22).  State Farm objects to the magistrate judge's
rulings on several grounds, which the Court addresses in turn.

A.    **Lack of Notice as to March 14, 2007 Hearing**

State Farm first objects to all of the magistrate judge's
orders because it contends that it did not have notice before the
March 14, 2007 hearing that the magistrate judge would address
the propriety of State Farm's discovery responses as well as the
taking of a corporate deposition under Rule 30(b)(6).  The Court
finds that this objection is without merit.  As State Farm
concedes, plaintiffs' motion to compel State Farm to respond to
discovery requests was set for hearing on March 14, 2007 in front
of Judge Chasez.  In fact, this motion was initially filed on
January 22, 2007 and had been continued three times before it was
ultimately set for hearing on March 14, 2007.  State Farm was
therefore on notice about this motion for more than a month
before Judge Chasez took any action on it.  Moreover, that State
Farm responded to plaintiffs' discovery requests on February 26,
2007 did not moot plaintiffs' motion to compel.  Upon receiving
State Farm's discovery responses, plaintiffs sought to challenge
the adequacy of those responses through their motion to compel,

and notified State Farm of its intention to do so ten days before
the March 14, 2007 hearing.  (R. Doc. 32-4).  Finally, State Farm
does not contest that it was permitted to present its position as
to all of the above-listed orders at that hearing.  The Court
therefore rejects State Farm's challenge to the fairness of the
magistrate judge's proceeding.

   **B.   Objections to Request for Production No. 2**

   Request for Production No. 2 reads in part: "The policies,
rules and procedures, in electronic format, employed by State
Farm Fire and Casualty Company, used in the evaluating, adjusting
and denial of plaintiff's claim in the above-captioned litigation
. . . ."  (R. Doc. 32-3).  The magistrate judge ordered State
Farm to produce these documents, "limited to plaintiffs' Katrina-
related claim on their homeowner's policy and subject to a
protective order to be entered into by the parties within seven
days."  (R. Doc. 32-5).  State Farm contends that this Request is
not reasonably calculated to lead to the discovery of admissible
evidence and includes materials that consist of proprietary trade
secrets.  In light of the magistrate judge's limitation on
plaintiffs' request, the Court finds that neither argument
demonstrates that the magistrate judge's ruling was in error.
The manner in which State Farm calculated the amount that it
determined it owed plaintiffs under their homeowner's policy is

undoubtedly relevant to the claims asserted by plaintiffs in this action and thus may lead to the discovery of admissible evidence. Moreover, to the extent any of these materials include proprietary trade secrets, as alleged, State Farm's interests should be protected by the magistrate judge's protective order, thus obviating State Farm's concerns about the production of confidential and proprietary information.[1]  Accordingly, the Court affirms this portion of the magistrate judge's order.

    **C.    Objections to Request for Production No. 3**

Request for Production No. 3 reads: "A list in any form, paper or electronic, of all prior and/or current claims and/or lawsuits for bad faith, breach of obligation of good faith, arbitrary and capricious denial, or any breach of any obligations which have been filed against State Farm Fire and Casualty Company, including the complete caption, docket number as well as Parish and State."  (R. Doc. 32-3).  On March 14, 2007, the magistrate judge ordered State Farm "to identify all homeowner's lawsuits and claims (with the insured's names and addresses) made as a result of Katrina in St. Bernard Parish in which it was alleged that defendant was in bad faith, etc."  (R. Doc. 32-5).

---

[1] The Court notes that, in a supplemental memorandum filed in support of its appeal on April 23, 2007, State Farm does not challenge the protective order.  (R. Doc. 41).

State Farm argues that this order is unduly burdensome, that the
information sought is private and confidential, and that the
documents requested are irrelevant.

The Court finds that State Farm's objections are without
merit.  Evidence of other bad faith claims by residents of the
same parish could be relevant to plaintiffs' bad faith
allegations.  *See Tomlinson v. Allstate Indem. Co.*, 2007 WL
404698 (E.D. La. Feb. 1, 2007) (upholding magistrate judge's
order compelling Allstate to produce list of all lawsuits filed
against it by Jefferson Parish homeowners as a result of
Hurricane Katrina).  The Court thus cannot conclude that this
request, as modified by the magistrate judge's order, is
irrelevant and not reasonably calculated to lead to the discovery
of admissible evidence.  Moreover, State Farm has failed to show
that the request is unduly burdensome.  First, State Farm
concedes that it can produce, without difficulty, a list of all
of the lawsuits filed by St. Bernard Parish residents in which it
was alleged that the company acted in bad faith.  Second, it
provides only conclusory, self-serving statements that producing
a list of all St. Bernard Parish residents who made claims of bad
faith is unduly burdensome.  It does not, however, offer any
factual support for these assertions, including how many State
Farm policyholders reside in St. Bernard Parish and how many of

them made claims of any type in the aftermath of Katrina, beyond its general statement that there were "well in excess of 200,000 separate claims in southeastern Louisiana as a result of Hurricane Katrina."  (R. Doc. 41, at 4).  In the absence of such evidence, the Court finds no reason to overturn the magistrate judge's ruling.

      **D.**    **Objections to Request for Production No. 5**

Request for Production No. 5 reads: "A list in any form, paper or electronic, of all Judgments of bad faith claims against State Farm Fire and Casualty Company for the past five years." (R. Doc. 32-3).  On March 14, 2007, the magistrate judge ordered State Farm "to produce, limited to Katrina and homeowner's-related judgments, if any, in Orleans, St. Bernard, and St. Tammany Parishes."  (R. Doc. 32-5).  The Court finds that production of this modified list could lead to admissible evidence as to plaintiffs' bad faith allegations and is not unduly burdensome to produce given the limited number of judgments in Katrina-related cases.

      **E.**    **Objections to Request for Production No. 6**

Request for Production No. 6 reads: "A list in any form, paper or electronic, of all claims of false reports issued by State Farm Fire and Casualty Company engineers or other experts hired by State Farm Fire and Casualty Company for the past five

years.   Including, all reports modified without the consent or
knowledge of the experts allegedly issuing the report."   (R. Doc.
32-3).   On March 14, 2007, the magistrate judge ordered State
Farm "to produce, limited to Katrina and homeowner's-related
claims, if any, in Orleans, St. Bernard, and St. Tammany
Parishes."   (R. Doc. 32-5).   State Farm contends that this order
is unduly burdensome, that the information sought is private and
confidential, and that the documents requested are irrelevant.
The Court finds otherwise.

The request is reasonably calculated to lead to admissible
evidence, as the issue of whether State Farm or its experts knew
of or participated in the falsification of reports could be
relevant to plaintiffs' bad faith allegations.   While plaintiffs
do not specifically assert in their complaint that State Farm or
one of its experts falsified a report, they do aver that State
Farm's engineer reached a different conclusion from their
engineer as to the cause of plaintiffs' loss.   Thus, evidence
related to the production State Farm's report is relevant to
plaintiffs' case.   Furthermore, State Farm once again submits
conclusory, self-serving statements in its brief for the
proposition that plaintiffs' request as modified is unduly
burdensome.   This is insufficient to carry its burden here.   The
Court therefore cannot conclude that the magistrate judge's order

is improper.

**F.    Rule 30(b)(6) Deposition**

Finally, State Farm objects to the magistrate judge's order

requiring it to produce a corporate representative to be deposed

under Rule 30(b)(6).  State Farm contends that it is unduly

burdensome to order a Rule 30(b)(6) deposition in this particular

case because there are numerous other lawsuits going forward

against the company arising from its claims-handling conduct in

the aftermath of Hurricane Katrina in which plaintiffs may seek a

potentially duplicative deposition.  The Court finds that this

argument is without merit.  The mere existence of similar

lawsuits in the Eastern District of Louisiana is not an

appropriate basis for denying plaintiffs' the ability to pursue

reasonable discovery.  Moreover, the Court's Scheduling Order for

State Farm cases, issued on April 2, 2007, specifically

contemplated that plaintiffs in these cases can and will forego

the opportunity to participate in common discovery.  That Order,

which to date is the only one that this Court has issued in all

State Farm cases, did not restrict in any way the ability of

plaintiffs to continue to pursue their own discovery according to

the Federal Rules of Civil Procedure.  The Court therefore denies

State Farm's objection as to plaintiffs' request for a deposition

of a State Farm corporate representative.

## IV.   CONCLUSION

For the foregoing reasons, the Court AFFIRMS the rulings of the magistrate judge.


New Orleans, Louisiana, this 23rd day of May, 2007.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE